Honorable Tom Maness Criminal District Attorney P.O. Box 2553 Beaumont, Texas 77704
Re: Whether a provision of the city charter of the city of Groves is consistent with article 988b, V.T.C.S. (RQ-1168)
Dear Mr. Maness:
You ask the following three questions in regard to local conflict of interest situations.
 1. Is the provision concerning conflict of interest in the city charter of Groves inconsistent with article 988b, V.T.C.S.?
 2. May a council member, who has a substantial interest in a business entity which was awarded a contract with the city on a bid basis and who did not participate in the vote to award the contract, thereafter vote upon the payment of periodic bills submitted under the contract?
 3. May a member of the council, who has a substantial interest in a business entity, which is the only business entity that provides a needed service or product, participate in a vote for the purchase of such services or materials?
Your first question relates to the possible inconsistency between the provisions of the charter of the city of Groves and the provisions of article 988b, V.T.C.S. As a matter of policy, this office does not interpret city charter provisions, and we decline to do so. We note, however, that chapter 362, Acts 1987, 70th Leg., at 3569, in amending article 988b, states that the article is cumulative of city charter provisions.
Before we address your next two questions, it is necessary to examine the statute, which was codified and amended by the 70th Legislature. The act governing local public officials' conflicts of interest, originally designated as article 988b, V.T.C.S., is now codified in chapter 171 of the Local Government Code. The reenactment of the law in the code was a nonsubstantive codification as indicated by the language in chapter 171 and the statement of intent found in the codifying act. Acts 1987, 70th Leg., ch. 149, § 51, at 2548.
Section 1.002 of the Local Government Code requires that the Code Construction Act, now found at chapter 311 of the Government Code, be used to interpret its provisions. Section 311.031, subsections (c) and (d) of the Government Code, govern the interpretation of statutes that were codified and amended by the same legislature. Those subsections read as follows:
 (c) The repeal of a statute by a code does not affect an amendment, revision, or reenactment of the statute by the same legislature that enacted the code. The amendment, revision, or reenactment is preserved and given effect as part of the code provision that revised the statute so amended, revised, or reenacted.
 (d) If any provision of a code conflicts with a statute enacted by the same legislature that enacted the code, the statute controls.
The substantive amendments to the statute enacted by the 70th Legislature must "be given effect as part of the code provision that revised the statute." The amendments to article 988b passed by the 70th Legislature are found in chapters 323, 362, and 659. Acts 1987, 70th Leg. Section311.025 of the Government Code aids in the interpretation of multiple amendments to the same statute during a single legislative session. That section reads as follows:
 (a) Except as provided by Section 311.031(d), if statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails.
 (b) Except as provided by Section 311.031(d), if amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized, if possible, so that effect may be given to each. If the amendments are irreconcilable, the latest in date of enactment prevails.
The amendment to section 3, chapter 659 only adds to the definition of "local public official" found in section 1(1), article 988b, and is readily harmonized with the other amendments. The amendment represented by chapter 362 was finally adopted by the legislature on May 29, 1987, by the concurrence of the house in senate amendments. That amendment represented by chapter 323 was finally adopted by the legislature on June 1, 1987, by both the house and the senate adopting a conference committee report. See Acts 1987, 70th Leg., ch. 323, at 3431, and ch. 362, at 3566. For the most part there is no conflict between the two acts; most of the changes effected by chapter 323 were included in chapter 362. For the purposes of this opinion, we will state the law in terms of the sections of article 988b, because that is the form in which we find it.
In responding to your second and third questions, section 1(1) defines "local public official" as "a member of the governing body . . . of any . . . city . . . who exercises responsibilities beyond those that are advisory in nature. . . ." Local Gov't Code § 171.001(1). Sections 51.001 and 54.001 of the Local Government Code define some of the responsibilities of the city council, e.g., adopt, amend, repeal and enforce ordinances. A member of the city council is unquestionably one of those individuals that this act was intended to include.
You stated the council member's substantial interest in a business entity as a matter of fact in both questions, and we are in no position to question it.
We are assuming that the city council member about whom you inquire has "a substantial interest in a business entity" within the meaning of section 2(a). Chapter 362 amended that section to read as follows:
 Sec. 2. SUBSTANTIAL INTEREST. (a) A person has a substantial interest in a business entity if:
 (1) the person owns 10 percent or more of the voting stock or shares or of the fair market value of the business entity or owns $5,000 or more of the fair market value of the business entity; or
 (2) funds received by the person from the business entity exceed 10 percent of the person's gross income for the previous year.
Your second question asks whether a city council member, who has a substantial interest in a business entity, may vote on the question of the payment of bills to that business entity.
Section 4, as last amended by chapter 323, Acts 1987, 70th Leg., reads in part as follows:
 Sec. 4. AFFIDAVIT (a) If a local public official or a person related to that official in the first or second degree by either affinity or consanguinity has a substantial interest in a business entity that would be pecuniarily affected by any official action taken by the governing body, the local public official, before a vote or decision on the matter, shall file an affidavit stating the nature and extent of the interest and shall abstain from further participation in the matter. The affidavit must be filed with the official recordkeeper of the governmental entity.
 (b) If a local public official is required to file and does file an affidavit of interest under Subsection (a) of this section, that official shall not be required to abstain from further participation in the matter or matters requiring such an affidavit if a majority of the members of the governmental entity of which the official is a member is composed of persons who are likewise required to file and who do file affidavits of similar interests on the same official action.
This section requires that the public official file an affidavit describing his interest in the business entity and abstain from further participation in the matter if the business entity would be pecuniarily affected by the official action. In our opinion a city council member is prohibited from voting on the payment of bills submitted by a business entity in which he holds a substantial interest. See Attorney General Opinion JM-424 (1986).
In your third question you ask if a city council member may participate in a vote on the purchase of a needed product or service that is available only from a business entity in which he holds a substantial interest. The only exception to the general prohibition of participation in the matter in the amended law, is found in section 4(c), which allows local public officials, after filing affidavits, to participate in the decision-making in spite of their holding a substantial interest, if "a majority of the membership of the governmental entity of which the official is a member is composed of persons who are likewise required to file and who do file affidavits of similar interest. . . ."
The member with a substantial interest in the business entity must file an affidavit declaring his interest and abstain from voting on the matter unless a majority of members of the governmental entity are similarly required to file affidavits.
 SUMMARY
A member of the city council is a "local public official" within the meaning of section 171.001(1) of the Local Government Code [former article 988b, V.T.C.S.]. A council member violates section 171.004 by voting on the payment of bills submitted by an entity in which he holds a substantial interest. A city council member also violates section171.004 of the Local Government Code by voting on the purchase of goods or services provided by a sole source business entity in which he has a substantial interest, unless a majority of members of the city council are required to file and do file affidavits of similar interests on the same official action.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Karen C. Gladney Assistant Attorney General